IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Terraspan, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>RAVE, LLC<br><br>    Defendant. | CIVIL ACTION NO.<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT

Plaintiff Terraspan, LLC ("TERRASPAN" or "Plaintiff"), as and for its Complaint against Rave, LLC ("RAVE" or "Defendant"), demand a trial by jury and allege as follows:

### PARTIES

1.   Plaintiff TERRASPAN is a Texas corporation with an address at 350 N. St. Paul, Suite 2900, Dallas, TX 75201.

2.   On information and belief, Defendant RAVE is incorporated under the laws of California with a principal place of business at 430 S. Congress Avenue, Suite 7, Delray Beach, FL 33445.  RAVE has appointed Crystal Brazzel as its agent for service of process with a mailing address at 430 S. Congress Avenue, Suite 7, Delray Beach, FL 33445.  Upon information and belief, RAVE regularly conducts and transacts business throughout the United States, in Texas, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

### JURISDICTION AND VENUE

3.   This action arises under the patent and copyright laws of the United States, namely, 35 U.S.C. §§ 1 et seq. and 17 U.S.C. §§ 101 et seq. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and/or 1400. On information and belief, RAVE has transacted business in this district, and has committed acts of patent and copyright infringement in this district.

5. On information and belief, RAVE is subject to this Court's general and specific personal jurisdiction because: RAVE has minimum contacts within the State of Texas and the Northern District of Texas, including via its website, pursuant to due process and/or the Texas Long Arm Statute, RAVE has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Northern District of Texas; RAVE regularly conducts and solicits business within the State of Texas and within the Northern District of Texas; and TERRASPAN's causes of action arise directly from RAVE's business contacts and other activities in the State of Texas and in the Northern District of Texas.

6. More specifically, RAVE, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Northern District of Texas. On information and belief, RAVE has committed acts of patent infringement and copyright infringement in the State of Texas and in the Northern District of Texas. RAVE solicits customers in the State of Texas and in the Northern District of Texas and, upon information and belief, has customers who are residents of the State of Texas and the Northern District of Texas who use RAVE's products and services in the State of Texas and in the Northern District of Texas.

**TERRASPAN, ITS PATENTS AND COPYRIGHTS**

7. By Assignment, TERRASPAN is the owner of all rights, title and interest to United States Patent No. 6,281,491 (the '491 Patent) entitled "Scanning probe microscope assembly and method for making confocal, spectrophotometric, near-field, and scanning probe measurements and associated images." The '491 Patent was issued on August 28, 2001 after a full and fair examination by the United States Patent and Trademark Office. The application

leading to the '491 Patent was filed on February 9, 1999 and benefits from a priority date of July 28, 1994.  Attached as Exhibit A is a copy of the '491 Patent.

8. By Assignment, TERRASPAN is the owner of all rights, title and interest to United States Patent No. 6,396,054 (the '054 Patent) entitled "Scanning probe microscope assembly and method for making confocal, spectrophotometric, near-field, and scanning probe measurements and associated images."  The '054 Patent was issued on May 28, 2002 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '054 Patent was filed on September 11, 2000 and benefits from a priority date of July 28, 1994. Attached as Exhibit B is a copy of the '054 Patent.

9. By Assignment, TERRASPAN is the owner of all rights, title and interest to United States Patent No. 6,144,028 (the '028 Patent) entitled "Scanning probe microscope assembly and method for making confocal, spectrophotometric, near-field, and scanning probe measurements and associated images."  The '028 Patent was issued on November 7, 2000 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '028 Patent was filed on July 1, 1997 and benefits from a priority date of July 28, 1994. Attached as Exhibit C is a copy of the '028 Patent.

10. By Assignment, TERRASPAN is the owner of all rights, title and interest to United States Patent No. 6,242,734 (the '734 Patent) entitled "Scanning probe microscope assembly and method for making confocal, spectrophotometric, near-field, and scanning probe measurements and associated images."  The '734 Patent was issued on June 5, 2001 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '734 Patent was filed on September 8, 2000 and benefits from a priority date of July 28, 1994.  Attached as Exhibit D is a copy of the '734 Patent.

11. By Assignment, TERRASPAN is the owner of all rights, title and interest to United States Patent No. 6,515,277 (the '277 Patent) entitled "Scanning probe microscope assembly and method for making confocal, spectrophotometric, near-field, and scanning probe measurements and associated images."  The '277 Patent was issued on February 4, 2003 after a

full and fair examination by the United States Patent and Trademark Office. The application leading to the '277 Patent was filed on September 8, 2000 and benefits from a priority date of July 28, 1994. Attached as Exhibit E is a copy of the '277 Patent.

12. By Assignment, TERRASPAN is the owner of all rights, title and interest to United States Patent No. 6,369,379 (the '379 Patent) entitled "Scanning probe microscope assembly and method for making confocal, spectrophotometric, near-field, and scanning probe measurements and associated images." The '379 Patent was issued on April 9, 2002 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '379 Patent was filed on September 8, 2000 and benefits from a priority date of July 28, 1994. Attached as Exhibit F is a copy of the '379 Patent.

13. The '491 Patent, the '054 Patent, the '028 Patent, the '734 Patent, the '277 Patent, and the '379 Patent ("TERRASPAN PATENTS") are generally directed to novel, unique and non-obvious methods, systems and apparatus of and methods of spectrophotometry, near-field microscopy, confocal microscopy, and scanning probe microscopy.

14. On or about October 1994, TERRASPAN's predecessors in interest, General Nanotechnology, LLC ("GN") and Metadigm LLC ("Metadigm") created original computer programs and algorithms for use in 2D and 3D visualization, drawings, pattern recognition, and analysis generally related to Atomic Force Microscopy (AFM) (hereinafter referred to as the "SUBJECT WORKS"). The SUBJECT WORKS contain material wholly original with GN and Metadigm that is copyrightable subject matter under the laws of the United States.

15. Beginning on or about June 1995, GN and Metadigm applied to the Register of Copyrights for a series of Certificates of Registration for the SUBJECT WORKS. Among the Certificates issued by the Register of Copyrights are: "nm Series 4 3" bearing registration number TX 6-148-281 which became effective October 04, 2004; "Probe 4.3" bearing registration number TX 6-063-005 which became effective October 04, 2004; "WebCrypKey (™)" bearing registration number TX 6-065-630 which became effective October 04, 2004; and "SuperClip" bearing registration number TXu 700-748 which became effective August 8, 1995.

Attached as Exhibits G, H, I, and J are copies of the Certificates of Registrations for the SUBJECT WORKS.

16. GN and Metadigm assigned their interests, including their copyrights, in and to the SUBJECT WORKS to TERRASPAN. As such, TERRASPAN is currently and at all relevant times the sole proprietor of all rights, title, and interests in and to the copyrights in the SUBJECT WORKS. TERRASPAN has produced and distributed the SUBJECT WORKS in strict conformity with the provisions of the Copyright Act of 1976 as amended in 1989 and all other laws governing copyright laws.

## COUNT I -
## INFRINGEMENT OF TERRASPAN PATENTS

17. On July 8, 2004, RAVE and GN entered into a Patent License Agreement (the "License Agreement") in which GN granted RAVE a license to the TERRASPAN PATENTS. Pursuant to the License Agreement, RAVE had various contractual obligations to GN. Among those obligations were the requirements 1)that RAVE pay GN royalties at an agreed rate of Net Revenues, and 2) that RAVE provide GN Quarterly Royalty Reports. RAVE did not pay GN royalties nor did RAVE provide GN with Quarterly Royalty Reports as required by the License Agreement and, as such, RAVE materially breached the License Agreement.

18. GN terminated the License Agreement with RAVE by giving notice of breach and complying with all other requirements of the License Agreement. Subsequently, GN assigned all of its rights in the TERRASPAN PATENTS to TERRASPAN. Accordingly, RAVE has no license in and to the TERRASPAN PATENTS.

19. On information and belief, Defendant RAVE has been and now is infringing the TERRASPAN PATENTS in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that employ systems, apparatus and/or utilize methods of spectrophotometry, near-field microscopy, confocal microscopy, and scanning probe microscopy which infringe claims of the TERRASPAN PATENTS.

20. On information and belief, multiple RAVE products including, but not limited to RAVE's MERLIN Atomic Force Microscopy (AFM) Guided Nano-machine, which uses systems, apparatus and methods of spectrophotometry, near-field microscopy, confocal microscopy, and scanning probe microscopy which infringe claims of the TERRASPAN PATENTS.  Defendant RAVE is thus liable for infringement of the TERRASPAN PATENTS pursuant to 35 U.S.C. § 271.

21. On information and belief, RAVE's infringement of the TERRASPAN PATENTS is and has been willful.  An example of RAVE's willful infringement of the TERRASPAN PATENTS can be seen from the notice it provided to its customers wherein it specifically states that its software license is protected by the TERRASPAN PATENTS as shown in the attached Exhibit K.

22. As a result of these Defendants' willful infringement of the TERRASPAN PATENTS, TERRASPAN has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

23. Unless a permanent injunction is issued enjoining RAVE and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the TERRASPAN PATENTS, TERRASPAN will be greatly and irreparably harmed.

## COUNT 2 - COPYRIGHT INFRINGEMENT

24. TERRASPAN has personal knowledge of RAVE's access to the copyrighted SUBJECT WORKS.

25. TERRASPAN is informed and believes, and on that basis alleges, that RAVE knowingly and willfully directly copied TERRASPAN's SUBJECT WORKS in their entirety.  TERRASPAN is further informed and believes, and on that basis alleges, that RAVE copied the

SUBJECT WORKS for the specific purposes of infringing TERRASPAN's copyrights, and reproducing, copying and distributing illegal unauthorized copies of the SUBJECT WORKS.

26. TERRASPAN is informed and believes, and on that basis alleges, that RAVE has been reproducing, distributing, promoting and offering to others illegal and unauthorized copies of the SUBJECT WORKS.

27. TERRASPAN is informed and believes, and on that basis alleges, that RAVE knowingly and willfully created derivative works based on TERRASPAN's SUBJECT WORKS. Plaintiff is further informed and believes, and on that basis alleges, that RAVE created such derivative works for the specific purpose of infringing TERRASPAN's copyrights, and selling, distributing, marketing and promoting such works in violation of TERRASPAN's copyrights in the SUBJECT WORKS. RAVE's willful infringement of the TERRASPAN's copyrights can deduced from the fact it has been providing a copyright notice to its customers acknowledging the copyrights of GN as shown in the attached Exhibit L.

28. Plaintiff is informed and believes, and on that basis alleges, that RAVE has been reproducing, distributing, promoting and offering for sale derivative works in violation of TERRASPAN's copyrights in the SUBJECT WORKS.

29. The natural, probable and foreseeable result of RAVE's wrongful conduct has been, and will continue to be, to deprive TERRASPAN of the benefits of selling its SUBJECT WORKS and other products, to deprive TERRASPAN of goodwill, and to injure TERRAPAN'S relations with present and prospective customers.

30. TERRASPAN is informed and believes, and on that basis alleges, that it has lost and will continue to lose substantial revenues from the sale of the SUBJECT WORKS and other products and will sustain damage as a result of RAVE's wrongful conduct and RAVE's production and sale of infringing products. RAVE's wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.

31. TERRASPAN is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully

use, infringe upon, sell and otherwise profit from TERRASPAN's SUBJECT WORKS and works derived from it. As a direct and proximate result of the acts of RAVE alleged above, TERRASPAN has already suffered irreparable damage and sustained lost profits. TERRASPAN has no adequate remedy at law to redress all of the injuries that RAVE has caused and intend to cause by its conduct. TERRASPAN will continue to suffer irreparable damage and sustain lost profits until RAVE's actions alleged above are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, TERRASPAN respectfully requests that this Court enter:

1. A judgment in favor of TERRASPAN that RAVE has infringed the TERRASPAN PATENTS, and that such infringement was willful;

2. A permanent injunction enjoining RAVE and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the TERRASPAN PATENTS;

3. A judgment and order requiring RAVE to pay TERRASPAN its damages, costs, expenses, and prejudgment and post-judgment interest for RAVE's infringement of the TERRASPAN PATENTS as provided under 35 U.S.C. § 284;

4. An award to TERRASPAN for enhanced damages resulting from the knowing, deliberate, and willful nature of RAVE's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to TERRASPAN its reasonable attorneys' fees; and

6. A judgment and order finding that RAVE has infringed TERRASPAN's copyrights in the SUBJECT WORKS.

7. A judgment and order finding a substantial likelihood that RAVE will continue to infringe TERRASPAN's copyrights in the SUBJECT WORKS unless enjoined from doing so.

8. A temporary restraining order enjoining RAVE, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with RAVE, from continuing to market, copy, distribute, offer, sell, dispose of, license, lease, televise, transfer, display, advertise, reproduce, develop or manufacture any works incorporating the SUBJECT WORKS or any work derived from the SUBJECT WORKS or to participate or assist in any such activity and that RAVE be ordered to appear and show cause why a preliminary injunction should not issue during the pendency of this action.

9. A judgment and order directing the Clerk to issue a Writ of Seizure and Impoundment ordering RAVE, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with RAVE, to return to TERRASPAN all originals, copies, facsimiles, electronic files and/or stored images or duplicates, of the SUBJECT WORKS in its possession, custody or control.

10. That RAVE, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with RAVE, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, producers, and distributors, and all others known to RAVE, any originals, copies, facsimiles, electronic files and/or stored images or duplicates of any work shown by the evidence to infringe any copyright in the SUBJECT WORKS.

11. That RAVE be required to file with the Court and to serve on TERRASPAN, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order.

12. That judgment be entered for TERRASPAN and against RAVE for TERRASPAN's actual damages according to proof, and for any profits attributable to infringements of TERRASPAN's copyrights, in accordance with proof.

13. That RAVE be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

14. That all gains, profits and advantages derived by RAVE from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of TERRASPAN.

15. That TERRSPAN have judgment against RAVE for TERRASPAN's costs and attorneys' fees.

16. Any and all other relief to which TERRASPAN may show itself to be entitled.

## DEMAND FOR JURY TRIAL

TERRASPAN, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 19, 2012

Respectfully submitted,

**TERRASPAN, LLC**

/s/ Arthur I. Navarro
Arthur I. Navarro, Attorney in Charge
State Bar No. 00792013
Winston O. Huff
State Bar No. 24068745
Navarro Huff, PLLC
302 N. Market, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
anavarro@navarrohuff.com
whuff@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
TERRASPAN, LLC

## CERTIFICATE OF FILING

I hereby certify that on March 19, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Dated: March 19, 2012

Respectfully submitted,

**TERRASPAN, LLC**

/s/ Arthur I. Navarro
Arthur I. Navarro, Attorney in Charge
State Bar No. 00792013
Winston O. Huff
State Bar No. 24068745
Navarro Huff, PLLC
302 N. Market, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
anavarro@navarrohuff.com
whuff@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
TERRASPAN, LLC